506 P.2d 1269

**STATE of Utah, Plaintiff and Respondent,**
**v.**
**Tony LONG, Defendant and Appellant.**

No. 12681.

Supreme Court of Utah.

Feb. 26, 1973.

H. Don Sharp, Ogden, for appellant.

Vernon B. Romney, Atty. Gen., David S. Young, William T. Evans, Asst. Attys. Gen., Salt Lake City, for respondent.

CROCKETT, Justice:

Defendant seeks reversal of his conviction of the crime of armed robbery of the Prescription Center on Washington Boulevard in Ogden on the night of April 13, 1971.

The points raised are that the court erred: (a) in permitting Carl Casperson (one of the victims) to make an improper in-court identification of the defendant; and (b) in refusing to grant a mistrial because of an improper argument to the jury by the district attorney.

■ As to (a) above the argument is that the witness Casperson had made what defendant characterizes as a "weak" identification of the defendant at the time of the lineup, but the court permitted him to

"make a more definite in-court identification" during the trial. The argument is without merit. Any variation in the witness's testimony could be shown and was shown on cross-examination. This went to the credibility of the testimony and not to its competency.[1]

Contention (b) above is based upon the proposition that although the defendant Tony Long had taken the witness stand he was not asked either on direct or cross-examination any questions about his actual complicity in the robbery; and that notwithstanding this the district attorney in arguing to the jury stated:

Counsel says nothing that Tony said on the stand was a lie . . . . I never once heard Tony say I didn't do it. I didn't commit the crime. I didn't, not me. Who? Where? Why?

■ The principle advocated by defendant is correct: that if the accused does not testify the prosecutor may not comment thereon because this tends to impair or destroy the privilege of not giving evidence against himself.[2] However, the principle is not applicable here. The defendant did take the witness stand. In doing so he waived the privilege and subjected his evidence to the same treatment as that of any

1. See State v. Dutton, 83 Ariz. 193, 318 P. 2d 667.

2. Art. I, Sec. 12, Utah Const., Amendment 5, U.S.Const.; See State v. Brown,

14 Utah 2d 324, 383 P.2d 930; Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705.

other witness. The comment of the prosecutor was consistent with his responsibility of calling the jury's attention to what the evidence did and did not show as bearing upon defendant's guilt or innocence; and in no way could it be considered as impairing or destroying defendant's right to claim the privilege of not giving evidence against himself.

Affirmed. No costs awarded.

CALLISTER, C. J., and HENRIOD, ELLETT, and TUCKETT, JJ., concur.