JACKEY CLINTON OWENS, Appellant, *v.* THE
STATE OF NEVADA, Respondent.

No. 9681

April 6, 1978 576 P.2d 743

*Morgan Harris,* Public Defender, and *Robert Larsen,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *H. Leon Simon,* Deputy District Attorney, Clark County, for Respondent.

# OPINION

*Per Curiam:*

Jackey Clinton Owens appeals his conviction for possession of a stolen vehicle (NRS 205.273), contending the State (1) violated a court order; and (2) made improper references to another crime. We disagree.

1. At the trial's outset, appellant's counsel made a motion in limine for an order "directing witnesses for the State to refrain from any reference to participation or involvement in . . . [another crime] in their case-in-chief." Such motion was granted. Appellant contends the prosecutor violated the order when he was later cross-examined concerning his whereabouts during the night in question. Clearly the motion in limine sought to bar inquiry only during the State's case-in-chief, and the later cross-examination did not violate the court order.

2. Appellant additionally claims the prosecution made improper comments upon his "right to not be compelled to testify against himself," through cross-examination and later comments concerning appellant's whereabouts.[1] We think the prosecution's cross-examination did not "elicit a description of the [alleged robbery] which occurred," Founts v. State, 87 Nev. 165, 168, 483 P.2d 654, 656 (1971); cf. Geary v. State, 91 Nev. 784, 544 P.2d 417 (1975); nor did the closing argument inform the jury about the circumstances of another crime. Moreover, we think appellant waived any Fifth Amendment prohibitions against prosecutorial comment upon his reluctant demeanor in answering questions when appellant voluntarily testified in his own behalf. Cf. Caminetti v. United States, 242 U.S. 470 (1917); Dyson v. United States, 283 F.2d 636 (9th Cir. 1960); State v. Long, 506 P.2d 1269 (Utah 1973).

Since appellant's other contention also lacks merit, the judgment is affirmed.

---

[1]On cross-examination by the State, appellant was asked the following:

"Q: Where did you go after leaving your cousin's house?

A: Well, I went riding, you know, around, and I went by another liquor store.

Q: Did you go to the Cactus Motel?

A: Did I go to the Cactus Motel?

. . .

A: No.

Q: Do you know where the Cactus Motel is?

A: I have heard of the Cactus Motel.

Q: Do you know a Lyn Williams?

A: No, not actually speaking.

Q: Do you know Brenda Scott?

A: Not actually.

Q: Do you know of them?

A: Well, I have heard of them.

Q: Isn't it a fact you met both those women at the Cactus Motel at one o'clock on the night of October 20, 1976?

A: I, you know, can't, you know, I refuse to answer that question on the grounds that it might, you know, has no, you know, don't pertain to this situation.

The Court: Just answer the question, Mr. Owens.

Q: Did you meet those two women at the Cactus Motel?

A: Yes, I met those two women.

Q: And you had that automobile, didn't you, . . .?

A: At that time, yes."

During closing argument the prosecutor stated:

"I'm submitting to you he took that automobile. He had acquired a key which he thought might operate the automobile and he drove that car away. We know one of the places he went to was the Cactus Motel. He was at first reluctant to tell you that. At first reluctant to tell you he met two women at that motel. I don't know what the cause of that reluctance is but he didn't want to tell you that. But I'm telling you, you can infer from that that it's the same reluctance and same cause which is causing, which would cause him to try to ditch that automobile because I would submit to you you need no intention—

Mr. Larsen: I object to that, Your Honor. There is no testimony in the record regarding any attempt to ditch any automobile anywhere at any time. I think that's improper argument.

The Court: Very well, the objection is noted."

In rebuttal the prosecutor stated:

"Something happened about an hour earlier at the Cactus Motel. Something he doesn't want to tell you about. And that's—

Mr. Larsen: Your Honor, I'm going to object to this line of argument. Clearly beyond the scope of what's permissible under the rules of evidence. There is no evidence regarding anything happening at the Cactus Motel and continued reference is misleading.

Mr. Cremen: The witness testified first he was not there and then he said he was and then he said he didn't want to talk about it.

The Court: Just a moment. That comment would not be appropriate, counsel.

Mr. Larsen: Thank you.

Mr. Cremen: But I would submit to you that whatever it was this defendant decided that he wanted nothing more to do with that automobile and he was going to leave it right there where it was. He wasn't going to drive it back."