LAWRENCE BACCARI, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 11291

March 19, 1981                    624 P.2d 1008

110

*Morgan D. Harris,* Public Defender, Clark County, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City, and *Robert J. Miller,* District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

A jury found the appellant guilty of first degree murder and sentenced him to life imprisonment without possibility of parole. On appeal, he has assigned a number of errors, only two of which we deem deserving of discussion. First, was appellant denied due process through destruction of the tape recording of his initial interview by the police? Second, was appellant deprived of due process through the district court's denial of his motion for a second competency hearing, five days before his trial?

1. ". . . [T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady v. Maryland, 373 U.S. 83, at 87 (1963).

> The language of *Brady,* Rule 16 and the Jencks Act includes no reference to the timing of possession and suppression. It is most consistent with the purposes of those safeguards to hold that the duty of disclosure attaches in some form once the Government has first gathered and

taken possession of the evidence in question. Otherwise, disclosure might be avoided by destroying vital evidence before prosecution begins or before defendants hear of its existence. Hence we hold that before a request for discovery has been made, the duty of disclosure is operative as a duty of preservation. Only if evidence is carefully preserved during the early stages of investigation will disclosure be possible later.

United States v. Bryant, 439 F.2d 642, at 650-51 (D.C.Cir. 1971) (footnote deleted).

When defendants have sought to have convictions reversed for an alleged loss of material evidence, this court has declared that such an individual must show ". . . either (1) bad faith or connivance on the part of the government or, (2) that he was prejudiced by the loss of the evidence." Howard v. State, 95 Nev. 580, 582, 600 P.2d 214 (1979); Crockett v. State, 95 Nev. 859, 865, 603 P.2d 1078 (1979); Boggs v. State, 95 Nev. 911, 912, 604 P.2d 107 (1979).

The record does not establish that any agent of the State acted in bad faith or in connivance concerning the erasure of the tape recording. Nor does the record show that the appellant was prejudiced by the loss of the tape. All that appears, in the words of one psychiatrist, is that the tape "would give me a little better idea in putting one more piece into the puzzle as to what his mental state was. . . ."

2. NRS 178.405 provides: "When an indictment or information is called for trial, . . . *if doubt shall arise as to the sanity of the defendant,* the court shall suspend the trial of the indictment or information . . . until the question of insanity is determined." (Emphasis added.) In construing 178.405 this court has declared:

> The doubt mentioned in NRS 178.405 means doubt in the mind of the trial court, rather than counsel or others. . . . A determination whether doubt exists rests largely within the discretion of the trial judge. . . . If the court determines a doubt to exist, it must suspend the trial and inquire into the sanity of the accused. . . .

Williams v. State, 85 Nev. 169, 174, 451 P.2d 848 (1969).

Upon review of the record, it does not appear to us that the district court abused its discretion by denying appellant's motion for a second competency hearing.

Affirmed.