KIM BLANDINO, Appellant, *v.* THE
STATE OF NEVADA, Respondent.

No. 26521

April 3, 1996                                    914 P.2d 624

*Martin Hastings,* Las Vegas, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Stewart L. Bell,* District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

### FACTS

Following a preliminary hearing, the state charged appellant with one count of violation of custody rights. *See* NRS 200.359. The state accused appellant of removing his two children from the State of Nevada and wilfully concealing them from their mother. Appellant requested the district court to allow him to proceed in proper person and to engage the services of a friend who was not a licensed attorney, but who had legal experience. Appellant did not trust attorneys and indicated that his religious beliefs precluded him from relying on the advice of persons who do not share his beliefs.

The district court conducted a thorough canvass under Faretta v. California, 422 U.S. 806 (1975). The district court concluded that appellant voluntarily requested to proceed in proper person and that he understood the dangers and consequences of self-representation. The district court informed appellant, however, that appellant's friend could not represent him in court in any manner.

The district court conducted a bench trial and found appellant guilty of the crime of violation of custody rights. The district court conducted a sentencing hearing on August 24, 1994, and sentenced appellant to serve a term of six years in the Nevada State Prison and ordered him to pay $3,000.00 in restitution. This appeal followed.

On January 10, 1995, the clerk of this court received appellant's motion to proceed in proper person. NRAP 46. On February 2, 1995, this court denied appellant's motion and remanded this matter to the district court for the appointment of counsel. On

February 16, 1995, appellant filed a petition for rehearing on the denial of his motion to proceed in proper person. The district court appointed counsel to represent appellant on March 20, 1995.

## DISCUSSION

Appellant contends that he has a constitutional right to waive counsel on appeal and to represent himself. Appellant views his waiver of trial counsel and the district court's *Faretta* canvass as a permanent waiver of counsel.

In Faretta v. California, 422 U.S. 806, 818-19 (1975), the United States Supreme Court ruled that the right to trial counsel as guaranteed under the Sixth Amendment provided criminal defendants the inverse right to self-representation at trial. The Court concluded that "forcing a lawyer upon an unwilling defendant is contrary to his basic right to defend himself if he truly wants to do so." *Id.* at 817. The Supreme Court has not addressed whether the right to self-representation extends to direct appeals.

The language of the Sixth Amendment demonstrates that no right to self-representation exists on appeal. That amendment only applies to criminal trials:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district court wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

Because the Sixth Amendment only applies to trials, it does not support the existence of a right to self-representation on appeal. *See* Lumbert v. Finley, 735 F.2d 239, 245 (7th Cir. 1984). *Faretta* is thus distinguishable. *Lumbert,* 735 F.2d at 245.

Persuasive reasons support requiring the assistance of counsel on direct appeal from a conviction. This court has a duty to ensure that appellants receive a fair appeal. *See, e.g.,* United States v. Turnbull, 888 F.2d 636, 639-40 (9th Cir. 1989) *cert. denied* 498 U.S. 825 (1990); Africa v. Anderson, 542 F. Supp. 224, 229-30 (E.D. Pa. 1982). This court could not ensure the fairness of criminal appeals if we were to create a right to self-representation on appeal. Documents filed by persons who are

untrained in the law are often incoherent and fail to identify the issues presented on appeal. Poorly drafted pleadings also require additional time to review and add to the already overwhelming workload of this court. The due process right to a fair appeal would be hindered by establishing a right to self-representation on appeal.

Appellant contends further that he has a right to represent himself based on his religious beliefs. Appellant asserts that God has instructed him not to retain counsel, but to pursue his appeal in proper person. According to appellant, forcing counsel upon him would violate his religious beliefs by requiring him to disobey God. Appellant asserts a constitutional right to represent himself based on the Free Exercise Clause of the First Amendment.

In Employment Division v. Smith, 494 U.S. 872 (1990), the United States Supreme Court concluded that a "generally applicable and otherwise valid" law or regulation that only has an "incidental effect" on religious practices is constitutional under the First Amendment. *Id.* at 878. This court's practice of requiring legal representation in direct appeals from convictions applies to all convicted persons equally. It does not target religion and it only has an incidental effect on religious views which oppose representation by licensed counsel. This court's neutral practice of requiring legal representation is permissible under *Smith*.

Appellant also claims a statutory free exercise right to self-representation based on the Religious Freedom Restoration Act ("RFRA"). 42 U.S.C. § 2000bb. The RFRA allows the government to "substantially burden" an individual's right to free exercise of religion only if the government asserts a "compelling governmental interest" and the burden is "the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000bb-1.

Assuming without deciding that the RFRA is constitutional, this court's practice of requiring counsel on direct appeal from a conviction does not substantially burden appellant's right to free exercise of religion. At the most, requiring counsel only forces appellants to have counsel brief the merits of appeals and possibly appear for oral argument. Appellants retain the right to move this court for permission to file briefs in proper person under NRAP 46. These burdens are minimal and do not significantly affect appellant's free exercise rights. Further, we consider the state's interest in insuring an adequate appellate review of judgments which deprive individuals of their liberty to be compelling.

Appellant has neither a statutory right to self-representation on appeal nor a First Amendment right to proceed in proper person on appeal. We deny appellant's petition for rehearing. Counsel for appellant shall file a docketing statement within ten (10) days from the date of this Opinion. Counsel shall also file the opening brief within forty (40) days of the date of this Opinion. Briefing shall then proceed in accordance with NRAP 31(a)(1).