*520
 
 OPINION
 

 Per Curiam:
 

 Petitioner was charged with one count of first-degree murder. The district court found petitioner incompetent to stand trial. The district court further found that there was no substantial probability that petitioner would attain competency in the foreseeable future and dismissed the case. Over the next three years, the district court denied the district attorney’s two civil petitions for petitioner’s continued involuntary commitment because the district court found that involuntary commitment was not the least restrictive environment for petitioner. The district attorney refiled the first-degree murder charge against petitioner, and petitioner was arrested. Petitioner moved to dismiss, arguing that the district court’s original competency ruling was still intact and binding on the justice’s court. The justice’s court did not dismiss the case but ordered that petitioner be taken to Lake’s Crossing for a competency evaluation. Petitioner filed this original petition, requesting this court to direct the justice’s court to dismiss the case. Petitioner further requests that we direct the district attorney to refrain from prosecuting petitioner until it is proven in district court by a preponderance of the evidence that petitioner is competent to stand trial.
 

 We do not grant the relief requested by petitioner, but conclude that a writ of mandamus should issue because the justice’s court exceeded its jurisdiction in sending petitioner to Lake’s Crossing for a competency evaluation, in considering the issue of petitioner’s competence, and in failing to conduct a preliminary hearing.
 

 FACTS
 

 Petitioner Jane Bellzora Woerner was charged by way of information with one count of first-degree murder. The information alleged that petitioner willfully and deliberately killed Kevin Brickey with a motor vehicle on U.S. 395 in Washoe Valley, when she steered her vehicle out of the travel lanes and struck Brickey from the rear as he walked along the right shoulder of the road. The district court found that petitioner was incompetent to stand trial and a danger to herself or to society. The district court further found that there was no substantial probability that she would attain competency in the foreseeable future. Based on these findings, the district court ordered that petitioner be involuntarily committed to the Nevada Mental Health Institute and that the case
 
 *521
 
 be dismissed, pursuant to NRS 178.425,
 
 [1]
 
 because petitioner had no substantial probability of attaining competency in the foreseeable future. Thereafter, petitioner was involuntarily committed to the Nevada Mental Health Institute.
 

 Two years after the criminal case was dismissed, the district attorney initiated in the family division (hereafter “family court”) of the district court a civil proceeding against petitioner, seeking her continued involuntary commitment. The family court found that petitioner was mentally ill, that she was not a danger to others, and that, although petitioner was a danger to herself, her husband provided assistance and support such that involuntary hospitalization was not the least restrictive environment for her. Accordingly, the family court ordered petitioner discharged as an outpatient from the Nevada Mental Health Institute, unless she chose to stay as a voluntary patient. The family court’s order did not address the issue of petitioner’s competency to stand trial. The parties did not seek appellate review of the order.
 

 Shortly thereafter, the district attorney reinitiated the criminal murder proceedings by filing with the justice’s court a criminal complaint against petitioner. However, petitioner chose to voluntarily remain hospitalized at the Nevada Mental Health Institute, and the district attorney did not obtain an arrest warrant or take other action on the criminal complaint at that time.
 

 Just over a year later, the district attorney initiated in family court another civil proceeding seeking the involuntary commitment of petitioner. Without addressing petitioner’s competency to stand trial, the family court denied the petition because it found that petitioner was not a danger to others and that, because of the support from her husband, she was not a danger to herself, so hospitalization was not the least restrictive environment for her. The district attorney again requested a stay pending possible appeal, but the family court denied this request, ordering that petitioner be released as an outpatient upon entry of the written order. The record does not indicate when, but shortly before petitioner would have been discharged from the Nevada Mental Health Institute, she was arrested and booked into the Washoe
 
 *522
 
 County Jail on the criminal complaint that had been refiled a year previously.
 

 Without waiving her right to a preliminary hearing, petitioner filed a motion to dismiss with the justice’s court. The justice’s court concluded that the district court’s original competency ruling was still intact and binding on the justice’s court because the family court’s subsequent discharge orders did not address the issue of competency. Although neither party requested a competency evaluation, the justice’s court ordered the county sheriff to take petitioner to Lake’s Crossing for an evaluation, postponing a decision on the motion to dismiss until after the evaluation. In addition, the justice’s court declined to hold a preliminary hearing, concluding that proceeding with a preliminary hearing would be “a useless act” because petitioner’s incompetence rendered her unable to understand the nature of the charges against her or assist her counsel in her defense.
 

 Petitioner then brought this original petition for a writ of certiorari or mandamus, requesting that this court: (1) direct the justice’s court to dismiss petitioner’s criminal case because the district court had already found petitioner to be incompetent to stand trial and no contrary finding had been made; and (2) direct the district attorney to refrain from seeking further criminal proceedings against petitioner and from seeking incarceration of petitioner until he first establishes in district court by a preponderance of the evidence that petitioner is competent.
 

 DISCUSSION
 

 Petitioner seeks a writ of mandamus on an issue of first impression before this court: whether there is a special prerequisite to initiating a criminal proceeding against a defendant who has previously had the same criminal charge dismissed under NRS 178.425(5), pursuant to a finding that the defendant was incompetent with no substantial probability of attaining competency in the foreseeable future.
 

 A writ of mandamus:
 

 may be issued by the supreme court ... to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust or station; or to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled and from which he is unlawfully precluded by such inferior tribunal, corporation, board or person.
 

 NRS 34.160. This court has original jurisdiction to issue writs of mandamus under Nev. Const. art. 6, § 4. Ashokan v. State, Dep’t
 
 *523
 
 of Ins., 109 Nev. 662, 667, 856 P.2d 244, 247 (1993) (citing State of Nevada v. McCullough, 3 Nev. 202 (1867)). “A writ of mandamus will issue to control a court’s arbitrary or capricious exercise of discretion.” Marshall v. District Court, 108 Nev. 459, 466, 836 P.2d 47, 52 (1992) (citing Round Hill Gen. Imp. Dist. v. Newman, 97 Nev. 601, 637 P.2d 534 (1981)). We conclude that the request for mandamus is properly before this court because the order of the justice’s court sending petitioner to Lake’s Crossing to be evaluated is not a final judgment from which an appeal may be taken and there is no other remedy at law available to petitioner.
 
 See
 
 Wardleigh v. District Court, 111 Nev. 345, 350, 891 P.2d 1180, 1183 (1995).
 

 A.
 
 Prerequisite showing of competency
 

 At the heart of this controversy is NRS 178.425(5), which provides for dismissal of a criminal case where, as here, the defendant is adjudged incompetent with no substantial probability of obtaining competency in the foreseeable future. The central dispute is over the procedure used to reinitiate a criminal charge thus dismissed. The statute does not provide a procedure whereby charges can be refiled if, as happened in this case, the district attorney suspects that the defendant has obtained competency and can stand trial if the charges are refiled. Specifically at issue is whether a prerequisite showing of competency is required before the dismissed charges can be refiled.
 

 We conclude that respondents are correct in asserting that incompetence only prevents a criminal defendant from being tried or punished and has no bearing on whether a defendant can be charged with a crime. NRS 178.400(1) only states that “[a] person may not be tried or adjudged to punishment for a public offense while he is incompetent.” There is no restriction on charging an incompetent person with a crime.
 

 NRS 178.425(5) specifically contemplates refiling of criminal charges after a prior dismissal under that statute. However, the only restriction it imposes on refiling is that of the statute of limitations, merely clarifying that the statute of limitations runs from the date of the alleged offense and is not affected or tolled by any of the competency proceedings otherwise outlined in NRS 178.425, nor is it affected by a dismissal under NRS 178.425(5). The statute imposes no other restrictions on refiling, as refiling is specifically mentioned but not restricted except by the statute of limitations provision. We decline to impose a competency prerequisite, as we do not “imply provisions not expressly included in [a] legislative scheme.” SIIS v. Wrenn, 104 Nev. 536, 539, 762 P.2d 884, 886 (1988).
 

 
 *524
 
 With no prerequisite showing of competency mandated by statute, we conclude that the proper procedure to reinitiate a criminal charge previously dismissed under NRS 178.425(5) is identical, to the procedure to initiate any other criminal charge, to wit: irrespective of whether there is probable cause that an accused is competent, an arrest warrant or summons may issue upon probable cause that a crime has been committed and that the named person committed it, and nothing more. NRS 171.106.
 
 [2]
 
 “If no procedure is specifically prescribed by this title [Title 14, “Procedure in Criminal Cases”], the court may proceed in any lawful manner not inconsistent with this title or with any other applicable statute.” NRS 178.610. Because the reinitiating of the criminal complaint against petitioner is not inconsistent with any other statute, and in fact is in complete accord with the probable cause requirements of NRS 171.106, we conclude that petitioner was properly charged, properly arrested and properly brought before the justice’s court. In light of this conclusion, we now address additional issues raised by this petition.
 

 B.
 
 Motion to dismiss
 

 Petitioner contends that the justice’s court exceeded its jurisdiction in not dismissing her case when the district attorney failed to rebut the de facto presumption of incompetence created by the district court’s original ruling that petitioner was incompetent to stand trial. We disagree. Here, the justice’s court was not empowered to even consider the issue of competence because NRS 178.405 gives the authority to decide that question to the trial court, which in this case is the district court, not the justice’s court.
 
 See
 
 Baccari v. State, 97 Nev. 109, 624 P.2d 1008 (1981) (stating that competency is an issue for the trial court). Moreover, by dismissing the case because the previous finding of incompetence had not been rebutted, the justice’s court would have imposed an errant prerequisite upon the refiling of a criminal case previously dismissed under NRS 178.425(5). Accordingly, we instruct the justice’s court to deny the motion to dismiss because it has no jurisdiction to hear the motion.
 

 
 *525
 
 C.
 
 Preliminary hearing and competency evaluation
 

 We next consider whether the justice’s court exceeded its jurisdiction in ordering a competency evaluation and failing to conduct a preliminary hearing. Petitioner does not address these issues in their own right, because her argument focuses on why the case should never have come before the justice’s court to begin with. However, the district attorney concedes that the justice’s court erred in both respects and acted in excess of its jurisdiction. We conclude that the district attorney is correct and that a writ of mandamus should issue directing the justice’s court to hold a preliminary hearing after vacating its order sending petitioner to Lake’s Crossing for a competency evaluation.
 

 “The justice courts are courts of limited jurisdiction and have only the authority granted by statute.’ ’ State of Nevada v. Justice Court, 112 Nev. 803, 805, 919 P.2d 401, 402 (1996) (citing Parsons v. District Court, 110 Nev. 1239, 1243, 885 P.2d 1316, 1319 (1994)). NRS 4.370(3) states that “[¡justices’ courts have jurisdiction of all misdemeanors and no other criminal offenses except as otherwise provided by specific statute.” No statute provides that the justice’s court may try a murder case. Thus, NRS 171.196 applies, which states in pertinent part as follows:
 

 1. If an offense is not triable in the justice’s court, the defendant must not be called upon to plead. If the defendant waives preliminary examination, the magistrate shall immediately hold him to answer in the district court.
 

 2. If the defendant does not waive examination, the magistrate shall hear the evidence within 15 days, unless for good cause shown he extends such time.
 

 Because murder is not triable in the justice’s court, and because petitioner declined to waive her right to a preliminary hearing, the justice’s court should have conducted a preliminary hearing. Petitioner’s competency is not within the scope of the preliminary hearing. “The justice court’s role at the preliminary hearing is to determine whether there is probable cause to find that an offense has been committed and that the defendant has committed it. If the justice court finds probable cause, the court must order the defendant bound over for trial in the district court.” State of Nevada v. Justice Court, 112 Nev at 806, 919 P.2d at 402 (citing NRS 171.206).
 
 See also
 
 State v. Fuchs, 78 Nev. 63, 69, 368 P.2d 869, 871 (1962) (holding that at a preliminary hearing a justice’s court does not consider defenses or pass on the sufficiency of the evidence to justify conviction, but only decides if there is enough
 
 *526
 
 evidence to bind over defendant to the district court for trial). For these reasons, we conclude that the justice’s court should vacate its order sending petitioner to Lake’s Crossing for evaluation and forthwith conduct a preliminary hearing to determine if there exists probable cause sufficient to bind over petitioner to the district court. At that time, petitioner may choose to seek a competency determination by the district court and seek to have the charges dismissed again under NRS 178.425(5).
 

 D.
 
 Conduct of the district attorney
 

 Petitioner contends that the district attorney arbitrarily and capriciously reinitiated the criminal charges against petitioner and asks this court to enjoin the district attorney from further prosecuting petitioner. The district attorney responds by arguing that both his method and motive in reinitiating the case against petitioner were proper. He defends his motive by asserting that he acted in good faith in reinitiating the case because the family court’s discharge orders raised legitimate questions in his mind as to petitioner’s continuing incompetence. The district attorney defends his method by arguing that the complaint was properly filed because there was adequate probable cause that a crime had been committed by petitioner and that no showing of probable cause of petitioner’s competency was required by statute.
 

 We conclude that there was nothing arbitrary or capricious in the district attorney’s conduct here. We agree that petitioner’s impending discharge to outpatient status could serve as a legitimate reason to question whether petitioner was still incompetent. While the family court discharge orders did not address the issue of competency, it was not unreasonable for the district attorney to question whether petitioner’s competency was affected. Accordingly, we decline to enjoin the district attorney from further prosecuting petitioner.
 

 CONCLUSION
 

 Based on the foregoing, we conclude that the justice’s court exceeded its jurisdiction in considering the issue of petitioner’s competence to stand trial, in ordering petitioner to undergo a competency evaluation, and in failing to conduct a preliminary hearing. We instruct the clerk of the court to issue a writ of mandamus directing the justice’s court to vacate its May 13, 1999, order sending petitioner to Lake’s Crossing for a competency evaluation and to forthwith conduct a preliminary hearing, consistent with this opinion, to determine if there is adequate probable cause to bind over the petitioner to the district court. Regarding the relief requested by petitioner, we decline to direct the justice’s
 
 *527
 
 court to dismiss the case on the basis of petitioner’s incompetence, or to direct the district attorney to refrain from further prosecuting petitioner.
 

 [1]
 

 The order did not cite a subsection of NRS 178.425, although it used the language of subsection 5. NRS 178.425(5) states, as follows:
 

 Whenever the defendant has been found incompetent, with no substantial probability of attaining competency in the foreseeable future, and released from custody or from obligations as an outpatient pursuant to paragraph (d) of subsection 3 of NRS 178.460, the proceedings against defendant which were suspended must be dismissed. No new charge arising out of the same circumstances may be brought after a period, equal to the maximum time allowed by law for commencing a criminal action for the crime with which the defendant was charged, has lapsed since the date of the alleged offense.
 

 [2]
 

 NRS 171.106 also states that the offense committed must be one that is “triable within the county.” This could be construed as requiring probable cause of the defendant’s competency at the outset of the criminal proceeding, because, technically, only a competent defendant can go to trial, so the only “triable” offenses are those capable of being taken to trial. However, we construe the phrase as carrying only jurisdictional import, meaning that the offense must be one over which courts of that county have jurisdiction. In any event, petitioner and respondents do not cite this language as significant.