An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHNNY EDWARD MCMAHON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65437

**FILED**

SEP 1 6 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE AND DISMISSING APPEAL IN PART

This is a proper person appeal from an order denying a post-conviction petition for a writ of habeas corpus, a motion to dismiss judgment of conviction with prejudice for fraud pursuant to NRCP 60(b) and abuse of judicial discretion, a motion for state to produce an original certified temporary custody report, and a motion to strike state defendant's untimely response to petitioner's amended habeas petition and from an order denying a "supplemental and amended writ of mandamus for recusal of Judge Barker for abuse of judicial discretion and motion to dismiss JOC for want of jurisdiction."[1] Eighth Judicial District Court, Clark County; Jennifer P. Togliatti, Chief Judge; David B. Barker, Judge.

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

Appellant filed a post-conviction petition for a writ of habeas corpus on April 24, 2013,[2] more than three years after issuance of the remittitur on direct appeal on December 22, 2009. *See McMahon v. State,* Docket No. 52071 (Order of Affirmance, October 16, 2009). Appellant's petition was therefore untimely filed. *See* NRS 34.726(1). Appellant's petition was also successive and an abuse of the writ.[3] *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was therefore procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3).

Appellant first argued that, pursuant to *Martinez v. Ryan,* 566 U.S. \_\_, 132 S. Ct. 1309 (2012), he had good cause to excuse the procedural bars because he received ineffective assistance from post-conviction counsel. Ineffective assistance of post-conviction counsel was not good cause in the instant case because the appointment of counsel in the prior post-conviction proceeding was not statutorily or constitutionally required. *Crump v. Warden,* 113 Nev. 293, 303, 934 P.2d 247, 253 (1997); *McKague v. Warden,* 112 Nev. 159, 164, 912 P.2d 255, 258 (1996). Further, this court has recently held that *Martinez* does not apply to

---

[2]Appellant's petition included several claims that he received ineffective assistance from attorney Paul Wommer, who was retained to represent appellant at trial and who was appointed to represent him on direct appeal.

[3]*McMahon v. State,* Docket No. 60247 (Order of Affirmance, June 13, 2013).

Nevada's statutory post-conviction procedures, *see Brown v. McDaniel*, ___ Nev. ___, ___ P.3d ___ (Adv. Op. No. 60, August 7, 2014), and thus, *Martinez* did not provide good cause for this late, successive, and abusive petition.

Appellant next argued that he had good cause to excuse the procedural bars because the lower courts never had jurisdiction over his case. Specifically, appellant argued that he was not timely brought before a magistrate for a probable-cause determination after his arrest, that the delay prevented the justice court from obtaining jurisdiction over his case, and that the justice court thus had no jurisdiction to confer on the district court when it bound his case over so that the district court never obtained jurisdiction. Appellant's claims did not implicate the jurisdiction of the courts. *See* Nev. Const. art. 6, § 6, art. 8, § 1; NRS 171.010; *Huebner v. State*, 103 Nev. 29, 32, 731 P.2d 1330, 1333 (1987) ("Mere delay between arrest and arraignment, without some showing of prejudice to defendant's constitutional rights, does not deprive the court of jurisdiction to proceed."); *see generally Powell v. State*, 113 Nev. 41, 44-47, 930 P.2d 1123, 1126 (1997) (applying harmless error analysis to a violation of the requirement for a probable-cause determination with 48 hours).

Appellant next argued that he had good cause to excuse the procedural bars because the district court's order denying appellant's first post-conviction petition did not address his claims regarding the appointment of trial counsel as appellate counsel. Appellant did not raise this on his appeal from that order. Even if the district court's failure to

address those claims could constitute good cause, appellant failed to demonstrate actual prejudice because the claims lacked merit. First, trial counsel had a duty to file the notice of appeal where appellant expressed dissatisfaction with the outcome at sentencing. *Toston v. State*, 127 Nev. ___, ___, 267 P.3d 795, 799-800 (2011). Second, ineffective-assistance-of-counsel claims are generally inappropriate on direct appeal. *Pellegrini v. State*, 117 Nev. 860, 882-83, 34 P.3d 519, 534 (2001). Third, appellate counsel's inability or failure to include such claims on direct appeal did not indicate any divided loyalties such "that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980); *Clark v. State*, 108 Nev. 324, 326, 831 P.2d 1374, 1376 (1992). Finally, appellant had no constitutional right to represent himself on direct appeal, *see Martinez v. Court of Appeal of Cal.*, 528 U.S. 152, 163 (2000); *Blandino v. State*, 112 Nev. 352, 354-55, 914 P.2d 624, 626 (1996), and although he had a qualified right to retain counsel of his choice, *see Patterson v. State*, 129 Nev. ___, ___, 298 P.3d 433, 438 (2013), *cert. denied*, ___ U.S. ___, 134 S. Ct. 1280 (2014), he did not have the right to choose his appointed counsel, *see Young v. State*, 120 Nev. 963, 968, 102 P.3d 572, 576 (2004).

Appellant next argued that he had good cause to excuse the procedural bars because of newly discovered evidence that his trial and appellate counsel was later prosecuted for crimes involving dishonesty and that, in his defense, former counsel claimed to suffer from a "diminished capacity" to understand the law due to a decades-old skiing accident.

SUPREME COURT
OF
NEVADA

(O) 1947A

4

Appellant's argument did not explain why he failed to raise his new claims of ineffective assistance of trial and/or appellate counsel in his first post-conviction petition, and accordingly, he failed to overcome any procedural bars to those claims. *See Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003). Further, even if such new evidence could demonstrate cause, appellant failed to demonstrate actual prejudice. Neither the district court's denial of appellant's first post-conviction petition, nor this court's affirmance of that denial, turned on the credibility or even specific legal knowledge of trial and appellate counsel. *See McMahon v. State*, Docket No. 60247 (Order of Affirmance, June 13, 2013).

Appellant next argued that he had good cause to excuse the procedural bars because the State withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). While a *Brady* violation may satisfy the requirements for good cause and actual prejudice, *State v. Bennett*, 119 Nev. 589, 599, 81 P.3d 1, 8 (2003), the *Brady* claim must be raised within a reasonable time after discovery of the withheld evidence, *State v. Huebler*, 128 Nev. ___, ___ n.3, 275 P.3d 91, 95 n.3 (2012), *cert. denied*, ___ U.S. ___, 133 S. Ct. 988 (2013); *see also Hathaway*, 119 Nev. at 254-55, 71 P.3d at 507-08. Appellant filed a proper person document that included a copy of the allegedly withheld evidence on January 22, 2010, four months before he filed his first post-conviction petition and more than four years before he filed the instant petition.

Appellant thus failed to raise his *Brady* claim within a reasonable time of discovering the evidence.

Appellant next argued that he had good cause to excuse the procedural bars because he needed to exhaust claims in order to raise them in this court and in federal court and because he received ineffective assistance from trial and appellate counsel. "[A] claim or allegation that was reasonably available to the petitioner during the statutory time period would not constitute good cause." *Hathaway*, 119 Nev. at 253, 71 P.3d at 506. Appellant failed to demonstrate that his underlying claims were unavailable to be raised in his first, timely post-conviction petition.

Appellant next argued that he had good cause to excuse the procedural bars because he was actually innocent such that denying consideration of his substantive claims would result in a fundamental miscarriage of justice. Appellant did not demonstrate actual innocence because he failed to show that "it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001); *Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996). We therefore conclude that the district court did not err in denying his petition as procedurally barred.

To the extent appellant is challenging the denial of a petition for a writ of mandamus, based upon our review of the record on appeal, we conclude that the district court did not abuse its discretion in disposing of

the petition. *See* NRS 34.160; NRS 34.170. Finally, because no statute or court rule permits an appeal from an order denying any of the remainder of appellant's motions, we lack jurisdiction as to those motions and dismiss the appeal in part. *See Castillo v. State*, 106 Nev. 349, 352, 792 P.2d 1133, 1135 (1990). For the foregoing reasons, we

ORDER the judgments of the district court AFFIRMED and DISMISS the appeal in part.[4]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

---

[4]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.

cc: Hon. Jennifer P. Togliatti, Chief Judge
Hon. David B. Barker, District Judge
Johnny Edward McMahon
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk