An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

AYDEN MCKINNON,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
MICHELLE LEAVITT, DISTRICT
JUDGE,
Respondents,
    and
THE STATE OF NEVADA,
Real Party in Interest.

No. 66896

**FILED**

FEB 1 2 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER DENYING PETITION*

This is an original petition for a writ of mandamus challenging the district court's decision to deny a motion to dismiss an indictment for lack of jurisdiction.

A writ of mandamus is an extraordinary remedy available "to compel the performance of an act which the law . . . [requires] as a duty resulting from an office, trust, or station," NRS 34.160, "or to control a manifest abuse or an arbitrary or capricious exercise of discretion." *Cote H. v. Eighth Judicial Dist. Court*, 124 Nev. 36, 39, 175 P.3d 906, 908 (2008). This court has the discretion to determine whether a writ petition will be considered, *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991), and the petitioner bears the burden of demonstrating that extraordinary intervention is warranted, *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004). While generally a writ of mandamus is inappropriate if the petitioner has

SUPREME COURT
OF
NEVADA

(O) 1947A

15-04686

"a plain, speedy and adequate remedy in the ordinary course of law," NRS 34.170, and "an appeal generally constitutes an adequate and speedy remedy precluding writ relief," *Cote H.*, 124 Nev. at 39, 175 P.3d at 908, "this court may exercise its discretion to entertain a petition for mandamus under circumstances of urgency or strong necessity, or when an important issue of law needs clarification and sound judicial economy and administration favor the granting of the petition," *State v. Second Judicial Dist. Court*, 118 Nev. 609, 614, 55 P.3d 420, 423 (2002).

Despite the fact that petitioner Ayden McKinnon appears to have a plain, speedy, and adequate remedy in the form of an appeal, *see Shannon v. State*, 105 Nev. 782, 791, 783 P.2d 942, 947 (1989) (allowing a challenge as to jurisdiction to be raised on appeal), we consider McKinnon's petition in the interest of sound judicial economy and administration.

In his petition, McKinnon asks this court to order his case be transferred to the juvenile court. He argues that the recently amended NRS 62B.330(3)(a) mandates that the juvenile court has exclusive original jurisdiction, that the recently amended NRS 62B.330(3)(a) applies because the first pleading in his case, the indictment, occurred after the amended statute took effect on October 1, 2014, and that the district court erred by denying his motion to dismiss the indictment for lack of jurisdiction.

The relevant facts are as follows. On September 18, 2014, the State filed a criminal complaint against McKinnon, alleging four counts of attempted murder with a deadly weapon and two counts of discharging a firearm at or into an occupied structure. On September 19, 2014, the State served its notice of intent to seek an indictment. McKinnon was arraigned in the justice court, and a preliminary hearing was scheduled

for October 10, 2014. A grand jury convened on October 2, 2014, and an indictment was filed in the district court on October 3, 2014. Effective October 1, 2014, NRS 62B.330(3)(a), which had excluded from the jurisdiction of the juvenile court all charges of murder or attempted murder, was amended to exclude from the jurisdiction of the juvenile court only charges of murder or attempted murder that were committed by a person 16 years of age or older. *See* 2013 Nev. Stat., ch. 483, § 1, at 2901; *id.* § 11, at 2905. McKinnon was 14 years old at all relevant times.

The issue of which version of NRS 62B.330(3)(a) controls is a legal question; therefore, we review it de novo. *See Paige v. State*, 116 Nev. 206, 208, 995 P.2d 1020, 1021 (2000). In *State v. Barren*, we concluded that juvenile court jurisdiction is determined on the date when the State initiated the proceedings. 128 Nev. ___, ___, 279 P.3d 182, 187 (2012). While *Barren* did not define what constitutes the initiation of proceedings, we are satisfied from the record that the State initiated proceedings against McKinnon before October 1, 2014, when the amended NRS 62B.330(3)(a) went into effect, and that the district court did not err by denying McKinnon's motion to dismiss for lack of jurisdiction.

"In Nevada, a criminal prosecution may be commenced by criminal complaint, which results in the filing of an information if the defendant is bound over for trial after a preliminary hearing, or by grand jury indictment. NRS 173.015." *Thompson v. State*, 125 Nev. 807, 811, 221 P.3d 708, 711 (2009); *see also Woerner v. Justice Court of Reno Twp., Washoe Cnty.*, 116 Nev. 518, 521, 526, 1 P.3d 377, 379, 382 (2000) (discussing whether the district attorney acted arbitrarily and capriciously when he reinitiated criminal proceedings by filing a criminal complaint). Here the State filed a criminal complaint before October 1, 2014.

Supreme Court
OF
Nevada

(O) 1947A

3

Therefore, we conclude that the State initiated proceedings against McKinnon before the amended NRS 62B.330(3)(a) took effect, and the previous version of the statute controls.

To the extent that McKinnon asks this court to order that he be transferred to a juvenile detention center, we note that NRS 62C.030(4)(a) allows for a child, during the pendency of a criminal proceeding that involves an offense excluded from juvenile court jurisdiction pursuant to NRS 62B.330, to "petition the juvenile court for temporary placement in a facility for the detention of children." Because McKinnon has a plain, speedy, and adequate remedy, as he may petition the juvenile court for temporary placement in a juvenile detention center, we decline to exercise original jurisdiction on this matter.

Accordingly, we

ORDER the petition DENIED.[1]

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. Michelle Leavitt, District Judge
       Mueller Hinds & Associates
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[1]In light of this order, we deny as moot McKinnon's motion for stay of proceedings in the district court.