# IN THE SUPREME COURT OF THE STATE OF NEVADA

JUSTIN ODELL LANGFORD,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 75825

JUSTIN ODELL LANGFORD,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 76075



**FILED**

MAR 2 9 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

These are consolidated pro se appeals from district court orders denying appellant Justin Odell Langford's postconviction petition for a writ of habeas corpus and motion to modify or correct an illegal sentence. Eighth Judicial District Court, Clark County; Susan Johnson, Judge. In his postconviction habeas petition, Langford argued that he received ineffective assistance from trial and appellate counsel.[1] In his motion, Langford argued that the proceedings before the justice court were jurisdictionally deficient. We disagree and affirm.[2]

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's

---

[1]To the extent that Langford raises any claims other than ineffective assistance of counsel, those claims are waived, *see* NRS 34.810(1)(b), and Langford has not demonstrated good cause for failing to raise them earlier.

[2]Having considered the pro se brief filed by Langford, we conclude that a response is not necessary, NRAP 46A(c), and that oral argument is not warranted, NRAP 34(f)(3). This appeal therefore has been decided based on the pro se brief and the record. *Id.*

 
*19-13897*

errors. *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984); *Warden v. Lyons,* 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see also Kirksey v. State,* 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996) (applying *Strickland* to claims of ineffective assistance of appellate counsel). The petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State,* 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004), and both components of the inquiry must be shown, *Strickland,* 466 U.S. at 697. For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Id.* at 690. The petitioner is entitled to an evidentiary hearing when the claims asserted are supported by specific factual allegations that are not belied or repelled by the record and that, if true, would entitle the petitioner to relief. *See Nika v. State,* 124 Nev. 1272, 1300-01, 198 P.3d 839, 858 (2008).

Langford first argues that trial counsel should have argued that the DNA evidence and the towel on which it was recovered were inconsistent with the victim's account of the crimes. A towel was collected from Langford's bedroom, and testing on a stain on the towel showed the presence of semen and sperm. The stain contained a mixture of DNA from two contributors, matching Langford's and the victim's profiles to an identity threshold. The victim described numerous sex acts performed on top of the towel. Tactical decisions, such as what defenses to develop, witnesses to call, or objections to raise, rest with counsel, *Rhyne v. State,* 118 Nev. 1, 8, 38 P.3d 163, 167 (2002), and are virtually unchallengeable absent extraordinary circumstances, *Doleman v. State,* 112 Nev. 843, 848, 921 P.2d 278, 280-81 (1996), which Langford has not shown, particularly as the record belies his contention that the evidence conflicted with the victim's

account. The district court therefore did not err in denying this claim without an evidentiary hearing.

Langford next argues that trial counsel should have acquired DNA samples from the victim's mother and sister. Testing other DNA samples against the towel would not negate the identification of Langford and the victim in a mixed sample from a single stain. As further testing in this regard could not change the inculpatory nature of this identification evidence, Langford has not shown deficient performance or prejudice. The district court therefore did not err in denying this claim without an evidentiary hearing.

Langford next argues that trial counsel should have challenged the State's expert's analysis by retaining a defense expert and better cross-examining the State's expert. Langford has not shown extraordinary circumstances warranting a challenge to these tactical decisions, particularly as he concedes that counsel elicited statements in cross-examination that impeached the State's expert, does not argue prejudice in either regard, and does not argue that a defense expert would do anything more than verify the State's expert's findings. The district court therefore did not err in denying this claim without an evidentiary hearing.

Langford next argues that trial counsel should have impeached the victim. Langford has not shown extraordinary circumstances warranting a challenge to counsel's tactical decisions in cross-examining the victim, especially where he concedes that counsel sought to "poke holes" in her testimony in an attempt to discredit her. Langford mistakenly asserts that this is an unacceptable trial strategy. *See Davis v. Alaska*, 415 U.S. 308, 316 (1974) (discussing the fundamental role of cross-examination in discrediting adversarial witnesses). Further, the record belies Langford's contention that the victim's prior statements or the medical evidence

 

contradict her account. And Langford offers no support for his bare claim that counsel had a conflict of interest. *See Hargrove v. State*, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984). The district court therefore did not err in denying these claims without an evidentiary hearing.

Langford next argues that trial counsel should have cited different authorities in moving to compel the State to produce the victim's mental health records. It is the law of the case that Langford did not show that the State possessed those records or knew of their contents, that the records were favorable, or that the victim waived the relevant privilege. *See Langford v. State*, Docket No. 70536 (Order of Affirmance, June 27, 2017); *Hall v. State*, 91 Nev. 314, 315, 535 P.2d 797, 798 (1975). Accordingly, Langford's claim that NRS 174.235 compelled disclosure fails, as that statute encompasses only matters within the State's possession, custody, or control. *See* NRS 174.235(1). Langford mistakenly relies on NRS 432B.255, which addresses reports of child abuse that *lead to* child welfare proceedings, where the records sought here were the victim's counseling records, created *after* she had disclosed Langford's abuse and sought care. Langford thus has not shown that counsel deficiently omitted authorities that would have supported a meritorious claim. As to Langford's claim that denying his discovery request in this regard was error and a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), this claim was raised on direct appeal, and it is the law of the case that this claim lacks merit. The district court therefore did not err in denying these claims without an evidentiary hearing.

Langford next argues that trial counsel should have interviewed the victim, interviewed people around town about the victim, and investigated the other State witnesses. Langford does not indicate what a more extensive investigation would have uncovered and thus has

not shown prejudice. *See Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004). The district court therefore did not err in denying this claim without an evidentiary hearing.

Langford next argues that trial counsel should have objected to improper closing arguments by the State. The record belies Langford's contention that trial counsel did not object, as trial counsel successfully challenged the prosecutor's closing argument several times. Any challenge to the prosecutor's comment about Langford testifying last would have failed because Langford placed his credibility into issue by voluntarily testifying and the prosecutor may argue inferences from the evidence in closing. *See Miller v. State*, 121 Nev. 92, 100, 110 P.3d 53, 59 (2005); *Owens v. State*, 94 Nev. 171, 172, 576 P.2d 743, 744 (1978). The district court therefore did not err in denying this claim without an evidentiary hearing.

Langford next argues that trial counsel should not have permitted him to waive his right to a speedy trial. Langford concedes that he waived the right at his arraignment. Langford's reliance on *Zedner v. United States* is misplaced, as that case involved a defendant's rights under the federal Speedy Trial Act, 547 U.S. 489, 492 (2006), which does not apply here, *see United States v. Wilson*, 657 F.2d 755, 767 (5th Cir. 1981) (observing that state arrest does not trigger the federal Speedy Trial Act). It is well established that a defendant may waive his statutory right to a speedy trial. *See, e.g., Furbay v. State*, 116 Nev. 481, 484, 998 P.2d 553, 555 (2000). The district court therefore did not err in denying this claim without an evidentiary hearing.

Langford next argues that appellate counsel should not have raised claims that lacked merit. While he correctly notes the importance of counsel's winnowing out weaker claims, *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983), Langford has not shown that omitting any one of the claims

SUPREME COURT
OF
NEVADA

(O) 1947A

5

raised by counsel would have led to a reasonable probability of a different outcome on appeal. The district court therefore did not err in denying this claim without an evidentiary hearing.

Langford next argues that appellate counsel should have challenged the sufficiency of the evidence. An appellate claim on this ground would have failed because the evidence was sufficient to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In particular, the victim's testimony satisfied the elements of lewdness with a minor under the age of 14 years, *see* NRS 201.230, and the uncorroborated testimony of a sex-crime victim is sufficient to uphold a conviction, *Gaxiola v. State*, 121 Nev. 638, 648, 119 P.3d 1225, 1232 (2005). Counsel is not ineffective for omitting futile claims. *Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006). To the extent that Langford argues that he is actually innocent, he had to show that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence," *Schlup v. Delo*, 513 U.S. 298, 315, 327 (1995), and Langford has identified no new evidence. The district court therefore did not err in denying these claims without an evidentiary hearing.

Langford next argues that appellate counsel should have raised prosecutorial misconduct. Having considered the record, we conclude that the prosecutor's conduct was not improper in connection with the nondisclosure of the victim's mental-health records,[3] not prosecuting the

---

[3]Langford also argues that the State withheld the victim's June 21, 2014, statement that was mentioned in several of the State's motions below as the statement where the victim disclosed Langford's sexual abuse. The

case in the name of the victim's guardian, arguing inferences from the DNA evidence that Langford disputes, eliciting testimony from the victim that Langford alleges was perjurious, not calling the victim's sister to testify, and not collecting DNA samples from the victim's sister and mother. *See Valdez v. State*, 124 Nev. 1172, 1188, 196 P.3d 465, 476-77 (2008). Accordingly, a prosecutorial misconduct challenge on these grounds would have failed, and counsel did not ineffectively omit a futile challenge. The district court therefore did not err in denying these claims without an evidentiary hearing.

Langford next argues that appellate counsel should have claimed cumulative error. Langford has not identified any trial error to cumulate. The district court therefore did not err in denying this claim without an evidentiary hearing.

Langford next argues that this court's clerk violated his constitutional rights by refusing to file his pro se brief in his direct appeal. Langford misplaces his reliance on *Myers v. Collins*, 8 F.3d 249, 252 (5th Cir. 1993), for its conclusion that a defendant has a constitutional right to represent himself on direct appeal, as the United States Supreme Court abrogated that holding and rejected that view in *Martinez v. Court of Appeal of California, Fourth Appellate District*, 528 U.S. 152, 155 n.2, 163-64 (2000). Nevada does not permit a defendant to represent himself on direct appeal, *Blandino v. State*, 112 Nev. 352, 354, 914 P.2d 624, 626 (1996), and does not permit pro se briefs from parties represented by counsel, *see* NRAP 46A(a), (b)(1). Accordingly, the clerk did not err, and Langford's claim fails.

---

record shows that the victim disclosed the abuse on January 21, 2014, and the preliminary hearing took place in March 2014. It appears that "June 21" was a typographical error and did not reference a withheld statement.

 

Langford next suggests that the district court erred in denying his motions for transcripts at State expense. Langford's bare assertion below that he would be prejudiced without the transcripts did not indicate "how the requested papers would serve any useful purpose and how he would be prejudiced without them" and thus did not show that an order seeking transcripts at State expense was warranted. *See George v. State*, 122 Nev. 1, 4, 127 P.3d 1055, 1056 (2006) (internal quotation marks omitted). Langford must seek copies of any transcript by establishing the threshold showing through a motion properly filed in the district court. To the extent that this matter is construed as a claim for relief, Langford has not shown that the district court erred or that relief is warranted.

Langford next argues that the Nevada Revised Statutes are unconstitutional because they were implemented without a constitutionally required enacting clause. Notwithstanding Langford's failure to argue that relief is warranted on this ground, this claim fails. The Nevada Revised Statutes merely "constitute the official codified version of Statutes of Nevada and may be cited as prima facie evidence of the law." NRS 220.170(3). The Nevada Revised Statutes consist of enacted laws which have been classified, codified, and annotated by the Legislative Counsel. *See* NRS 220.120. The actual laws of Nevada are contained in the Statutes of Nevada. Thus, the fact that the Nevada Revised Statutes do not contain enacting clauses does not render the statutes unconstitutional. The district court therefore did not err in denying this claim without an evidentiary hearing.

Langford next speculates that the jury may not have been properly sworn because the transcripts do not indicate whether the trial court or the clerk administered the oath. Langford concedes that he did not raise this issue below. We decline to consider claims raised for the first time

 

on appeal. *See Davis v. State*, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991), *overruled on other grounds by Means v. State*, 120 Nev. 1001, 1012-13, 103 P.3d 25, 33 (2004).

Lastly, as to the postconviction habeas petition, Langford argues that the district court abused its discretion in denying his petition without appointing counsel. Langford is not entitled to the appointment of counsel as a matter of right. *See Brown v. McDaniel*, 130 Nev. 565, 569-71, 331 P.3d 867, 870-71 (2014). Notwithstanding the severity of the consequences facing Langford due to his life sentence, the district court did not abuse its discretion in denying his petition without appointing counsel because Langford has not shown that his case presented difficult issues or that counsel was needed to conduct discovery and his pro se filings demonstrate his comprehension of the proceedings. *See* NRS 34.750(1).

As to Langford's motion to correct an illegal sentence, he argues that the justice court that conducted his preliminary hearing lacked jurisdiction because he was charged with felony offenses. Although felonies are not triable in the justice court, that court does have jurisdiction to conduct a preliminary hearing and determine whether to bind a defendant charged with felonies over to district court for trial. *See Woerner v. Justice Court of Reno Twp.*, 116 Nev. 518, 525, 1 P.3d 377, 381-82 (2000). This claim therefore fails.

Langford also argues that the justice court lacked jurisdiction because the justice court judge had a conflict of interest. The justice court judge agreed and recused himself after setting Langford's bond amount and denying his request for release on his own recognizance. Langford offers no authority to support that a judge's conflict of interest deprives the court itself of jurisdiction, and the judge here appears to have taken the proper course of performing no further actions beyond administratively

 

transferring the case. *See El Fenix de Puerto Rico v. M/Y JOHANNY*, 36 F.3d 136, 142 (1st Cir. 1994). This claim therefore fails.[4]

Accordingly, we

ORDER the judgments of the district court AFFIRMED.

_____ , J.
Pickering

_____ , J.
Parraguirre

_____ , J.
Cadish

cc:  Hon. Susan Johnson, District Judge
     Justin Odell Langford
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk

---

[4]We have considered Langford's pending "Judicial Notice," "Affidavit of Judicial Notice of Self-Executing Coloring Agreement Complete Indigent Filed Stamp Copy Required Pursuant to *Gluth v. Kangas*," and "Omnibus Motion" and conclude that no relief is warranted.

Supreme Court
of
Nevada

(O) 1947A

10