Motion to require free transcript denied September 3; appeal
dismissed on stipulation November 13, 1935

## STATE *v.* SALLEE
### (48 P. (2d) 770)

*M. O. Wilkins,* of Medford, for appellant.

*G. A. Codding,* District Attorney, and *G. W. Neilson,*
Deputy District Attorney, both of Medford, for the
state.

KELLY, J. Defendant herein has filed a motion for an order requiring the trial judge to instruct the official court reporter to make a transcript of the testimony for defendant's use on appeal. Such an order, if made, would require Jackson county to pay the expense of such transcript.

In the case of *State v. Morgan,* decided contemporaneously herewith, we reviewed the authorities from two sister jurisdictions construing the same statutory provision as that which is contained in section 28-705, Oregon Code 1930; and, in accord with those authorities, we held that unless it is shown that the trial judge abused his judicial discretion in denying to an alleged indigent defendant a transcript of testimony at the county's expense, this court will not grant such a request.

In the trial court, defendant filed a motion for an extension of time for the preparation and presentation of a bill of exceptions for 40 days from July 27, 1935, and for an order directing the court reporter to prepare a transcript of the evidence at the county's expense.

The court granted the requested extension of time for the preparation and presentation of a proposed bill of exceptions but denied defendant's motion for an order directing that a transcript of testimony be furnished defendant at the expense of Jackson county.

Defendant's said motion was supported by an affidavit of his attorney to the effect that defendant has no money or property to said attorney's knowledge; that the cost of the transcript of evidence was estimated by the reporter at $312.50, and that defendant's attorney could not prepare a bill of exceptions without the transcript of evidence and instructions of the court.

No showing was made as to the merit of the appeal, nor was any explanatory statement made in support

of the assertion that a bill of exceptions could not be prepared without a transcript of the testimony.

■ We think that as a general rule the right to a transcript of testimony at public expense should be tested by the showing made before the trial court when defendant's application for such transcript is made.

The motion for such transcript, which defendant has filed in this court, is based "upon the complete transcript of said cause (exclusive of evidence and bill of exceptions) filed in the supreme court, July 26, 1935; it is further based upon the original record, judgment roll, motion for a new trial, and motion and affidavit of defendant praying for an order of the said court for a transcript of evidence at county expense, and orders of said H. D. Norton (the trial judge), denying the same, it is also based upon the affidavit of defendant attached to the motion" etc.

■ This court ought not to be required to study this complete transcript, comprising 140 pages, and the original record and judgment roll comprising approximately as many more pages together with the motion and its accompanying affidavit, in order, if possible, to ascertain some ground upon which abuse of discretion on the part of the trial court might be based. The burden is upon defendant to disclose such abuse of discretion and unless some exceptional or unusual circumstance intervenes, he should be restricted to the showing made in the trial court upon his application for a free transcript of testimony.

By reason of the fact, however, that heretofore the procedure in Oregon in respect to such motions has not been declared either by statute or by this court, we have read the record in the case at bar.

We find five phases of the record upon which defendant apparently bases his appeal:

(1) The prosecutrix, a girl of the age of seven years, testified that she was taken in an automobile by a man from a given place and that the crime was committed in the automobile. A witness for the state testified that she saw a man take a little girl into his automobile at the time and place mentioned and at that time this witness wrote upon one of the pages of a copy of the Saturday Evening Post the number of license plates on such automobile. Defendant claimed an alibi. The particular periodical mentioned came through the mail and was addressed to a person other than the witness. Whether that particular issue of said periodical had been delivered to witness, and, in fact, whether it had then been released for delivery to the addressee, are controversial questions in this case. Alleged errors in respect thereto and the failure of the court to give defendant's requested instruction with respect to the defense of alibi comprise the first phase of defendant's appeal.

(2) The story told by the prosecutrix discloses that her assailant was a foully debased sexual pervert. Defendant argues that the crime described by the prosecutrix was sodomy. The indictment charges an assault with intent to commit rape. Based upon this phase of the record, defendant insists that there was a fatal variance in the proof.

(3) It is claimed that while the prosecutrix was under cross-examination, her mother, by signaling to the witness, controlled the answers of the little girl.

(4) A witness for the state, who had been convicted of a felony, while testifying in rebuttal, was asked upon cross-examination whether he had been convicted of a crime. The witness refused to answer that question.

The court declined to attempt to require him to answer it although requested by defendant to do so. The defendant moved for a continuance to enable him to procure an authenticated copy of the conviction of said witness. The court refused to grant such continuance.

(5) The defendant charges the deputy district attorney and the deputy sheriff with alleged intimidation of witnesses for the defendants and with trespass upon the right of defendant to confer confidentially with his attorney.

We may not have looked upon this record with the vision of defendant's counsel; and, if there are other phases of the record supporting defendant's appeal, nothing herein stated shall interfere with a due consideration of them when they are properly presented.

■ It is not apparent that defendant can not prepare a bill of exceptions in narrative form, which will protect his rights and present the questions involved herein. To that end the time to prepare and tender to the trial court a bill of exceptions is extended to and including the 1st day of October, 1935. The record does not disclose that the learned trial judge abused his discretion in denying defendant's motion for a transcript of testimony at the expense of Jackson county.

Defendant's motion presented in this court for the same relief is denied.