ALVIN F. PETERSON, APPELLANT, *v.* WARDEN, NEVADA STATE PRISON, RESPONDENT.

No. 6046

March 25, 1971          483 P.2d 204

*Jack Christensen,* of Yerington, for Appellant.

*Robert List,* Attorney General, and *Leonard P. Root,* District Attorney, Mineral County, for Respondent.

# OPINION

*Per Curiam:*

Appellant in this case was convicted of second degree murder in 1961 and sentenced to ten years to life imprisonment. No post-conviction proceedings were taken from that judgment of conviction until May 6, 1969 when this proceeding was begun under NRS 177.315. Peterson asserts that his confinement is unconstitutional because he was ineffectively represented by counsel and because the trial court improperly allowed the admission into evidence of appellant's involuntary statements which were obtained through coercion and duress.

To facilitate this appeal Peterson sought to obtain copies of transcripts, judgment rolls and records of court proceedings at state expense. From the denial of that request this appeal follows.

In his request for these documents Peterson asserted simply that he "was ineffectively represented during the court proceedings" and that "involuntary statements were obtained through coerciveness and duress." The lower court denied the request because of the failure of the petition to allege with any particularity the basis of the attack or the need for the records sought. Though Peterson was given thirty days in which to modify, amend or supplement his petition he failed to do so and the petition was ordered dismissed.

We agree with the lower court. NRS 177.325, 177.335 and 177.345 do not contemplate that records will be furnished at

state expense upon the mere unsupported request of a petitioner who is unable to pay for them. Just as the petitioner must show that the requested review is not frivolous before he may have an attorney appointed (NRS 177.345(2)), so must he satisfy the court that the points raised have merit and such merit will tend to be supported by a review of the record before he may have trial records supplied at state expense. He must specifically set forth grounds upon which the petition is based. NRS 177.335.

An indigent appellant's right to have access to a needed transcript was established in Griffin v. Illinois, 351 U.S. 12 (1956). The protection of indigents from preclusive monetary requirements has also been extended to other post-conviction proceedings. Smith v. Bennett, 365 U.S. 708 (1961), and Douglas v. Green, 363 U.S. 192 (1960) (docket fees in habeas corpus proceedings). The United States Supreme Court reiterated in Eskridge v. Washington Prison Bd., 357 U.S. 214, 216 (1958), what it had said earlier in *Griffin,* however, that, "We do not hold that a state must furnish a transcript in every case involving an indigent defendant."

Indeed, other courts have held that an indigent defendant must show how the requested papers would serve any useful purpose and how he would be prejudiced without them. Walls v. Warden, 219 A.2d 6 (Md. 1966); State v. Sallee, 48 P.2d 770 (Ore. 1938); *cf.* Guerin v. Commonwealth, 149 N.E.2d 220 (Mass. 1958); and State v. Badda, 402 P.2d 348 (Wash. 1965). Similarly, under the federal statutes analogous to the statutes here in question, the court must consider "frivolity" and "good faith." Durham v. United States, 400 F.2d 879 (10th Cir. 1968); H. Blackmun, Allowance of In Forma Pauperis Appeals in § 2255 and Habeas Corpus Cases, 43 F.R.D. 343 (1967). Finally, this court, too, in Teeter v. District Court, 64 Nev. 256, 180 P.2d 590 (1947), examined the need for the defendant to show good cause for the supplying of a transcript (though that case involved a different statute than is central to the instant case).

Appellant failed to make the necessary threshhold showing of need for a state-supplied transcript so as to show further the merit of his appeal. On that basis, his petition for post-conviction relief and for state-supplied trial records was properly dismissed.

Affirmed.