DONALD N. GEORGE, Appellant, *v.* THE STATE
OF NEVADA, Respondent.

No. 41638

January 19, 2006            127 P.3d 1055

*Frannie Forsman*, Federal Public Defender, and *Linda Marie Bell*, Assistant Federal Public Defender, Las Vegas, for Appellant.

*George Chanos*, Attorney General, Carson City; *David J. Roger*, District Attorney, and *James Tufteland*, Chief Deputy District Attorney, Clark County, for Respondent.

Before MAUPIN, GIBBONS and HARDESTY, JJ.

## OPINION

By the Court, MAUPIN, J.:

In this appeal, we hold that filing a notice of appeal in a criminal case after rendition of the verdict but before sentencing will not deprive this court of jurisdiction over the appeal. We also clarify that an indigent defendant generally has a right to full transcripts to aid in the prosecution of a direct appeal from a judgment of conviction.

### FACTS AND PROCEDURAL HISTORY

In 1985, a trial jury found appellant Donald N. George guilty of six counts of sexual assault and five counts of lewdness with a minor. After the verdict, but before entry of the final judgment, George filed a proper person notice of appeal. The district court clerk failed to transmit the notice to this court. The district court subsequently entered a judgment of conviction upon the verdict.

Following the conviction, George filed a proper person motion to obtain transcripts for preparation and perfection of the appeal. The State opposed the motion, arguing under *Peterson v. Warden*[1] that George was required to present a meritorious claim and show that the requested materials were necessary to that claim. The district court summarily denied the motion without prejudice, and trial transcripts were never prepared. Further, in 1987, the district court granted the Clark County Clerk's petition to destroy the trial exhibits, including the sexual assault kit, because the time for taking an appeal had expired.

---

[1]87 Nev. 134, 136, 483 P.2d 204, 205 (1971).

Neither the State nor the Nevada court system generated any further activity concerning George's case. In 1987 and 1988, George filed two actions in federal court claiming deprivation of his direct appeal. The federal court dismissed both matters on procedural grounds. In 2002, George filed a petition for a writ of habeas corpus in this court, again claiming deprivation of his right to appeal. This court then discovered that the 1985 notice of appeal was never transmitted to or docketed in this court. We forthwith directed the district court to transmit George's notice of appeal and appoint appellate counsel.

## DISCUSSION

### Timeliness of appeal

As noted above, George filed his notice of appeal after the verdict but before entry of final judgment. The State argues that the notice was ineffective to preserve appellate jurisdiction. We disagree. Nevada Rule of Appellate Procedure 4(b)(1) provides:

> In a criminal case, the notice of appeal by a defendant shall be filed in the district court within thirty (30) days after the entry of the judgment or order appealed from. A notice of appeal filed after the announcement of a decision, sentence or order but before entry of the judgment or order shall be treated as filed after such entry and on the day thereof. . . . A judgment or order is entered within the meaning of this rule when it is signed by the judge and filed with the clerk.

Going further, prior to George's conviction, the Legislature amended NRS 177.015 to permit a defendant to appeal "from a final judgment or verdict."[2] Accordingly, reading the rule and statute together, we hold that a premature notice of appeal filed after the verdict but before sentencing will be treated under NRAP 4(b)(1) as filed after the entry of judgment. When this occurs, the district court retains jurisdiction until entry of final judgment.

### Trial transcripts

George asserts that his conviction must be overturned because the State destroyed his trial transcripts and the transcripts cannot be reconstructed. As noted, the district court denied George's re-

---

[2]NRS 177.015(3); *see also* 1967 Nev. Stat., ch. 523, § 287, at 1443-44 (providing for an appeal from "[a] final judgment"); 1971 Nev. Stat., ch. 627, § 1, at 1450-51 (providing for an appeal from "a final judgment or verdict").

quest for transcripts under our 1971 decision in *Peterson*. In that case, we held that a defendant prosecuting an appeal from a denial of post-conviction relief must, in seeking transcripts at State expense, make a threshold showing of ''how the requested papers would serve any useful purpose and how he would be prejudiced without them.''[3] It is evident that the district court applied *Peterson* by analogy to this direct appeal. However, in the same year that we decided *Peterson*, the United States Supreme Court handed down the tandem decisions in *Mayer v. City of Chicago*[4] and *Britt v. North Carolina*,[5] confirming that indigent defendants generally have the right to full transcripts on direct appeal or upon retrial following a mistrial.

Although *Peterson* remains good law in the post-conviction relief context,[6] we now clarify that the State must provide an indigent defendant with a transcript of prior proceedings when the defendant needs the transcript for an effective direct appeal.[7] Unfortunately, because the transcripts and trial evidence have been long ago discarded, George is now unable to effectively prosecute the current proceedings. Because George was for years a proper person appellant, and because the deprivation of this appeal is substantially the result of the omissions of State operatives and the court system itself, the only remedy is to grant a new trial.[8]

## CONCLUSION

George timely filed his notice of appeal. However, because George was improperly deprived of the opportunity to prosecute his direct appeal, we order the judgment below reversed and remand this matter to the district court for a new trial.

GIBBONS and HARDESTY, JJ., concur.

---

[3]87 Nev. at 136, 483 P.2d at 205 (citing *Walls v. Warden*, 219 A.2d 6 (Md. 1966) (other citations omitted)).

[4]404 U.S. 189 (1971).

[5]404 U.S. 226 (1971).

[6]*See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (citing *United States v. MacCollom*, 426 U.S. 317 (1976) (plurality opinion)).

[7]*Britt*, 404 U.S. at 227.

[8]*Bellows v. State*, 110 Nev. 289, 291, 871 P.2d 340, 342 (1994).