133 Nev., Advance Opinion 11

# IN THE SUPREME COURT OF THE STATE OF NEVADA

GUILLERMO RENTERIA-NOVOA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 68239

**FILED**

MAR 30 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

Appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Eric Johnson, Judge.

*Reversed and remanded.*

Guillermo Renteria-Novoa, Carson City,
in Pro Se.

Adam Paul Laxalt, Attorney General, Carson City; Steven B. Wolfson, District Attorney, Clark County,
for Respondent.

BEFORE PICKERING, HARDESTY and PARRAGUIRRE, JJ.

*OPINION*

PER CURIAM:

Appellant Guillermo Renteria-Novoa was convicted, pursuant to a jury verdict, of 36 felony sexual offenses and sentenced to a total term of life with the possibility of parole after 85 years. After the judgment of conviction was affirmed on direct appeal, Renteria-Novoa filed a timely pro se postconviction petition for a writ of habeas corpus in the district

17-10574

court and moved for the appointment of counsel. Under Nevada law, the appointment of postconviction counsel was discretionary with the district court because Renteria-Novoa had not been sentenced to death. *Compare* NRS 34.750(1), *with* NRS 34.820(1). Exercising that discretion, the district court declined to appoint postconviction counsel and denied the petition following a hearing at which Renteria-Novoa was not present.[1] This appeal followed. We take this opportunity to address the factors that are relevant to the district court's exercise of its discretion to appoint postconviction counsel under NRS 34.750(1). Because we conclude that the district court abused its discretion, we reverse and remand for further proceedings.[2]

Under NRS 34.750(1), the district court has discretion to appoint counsel to represent a petitioner who has filed a postconviction petition for a writ of habeas corpus if (1) the petitioner is indigent and (2) the petition is not summarily dismissed. The statute sets forth a nonexhaustive list of factors that the district court "may consider" in deciding whether to appoint postconviction counsel: the severity of the

---

[1]Senior Judge Charles Thompson presided over the hearing on the postconviction petition and orally denied the petition and the motion for appointment of counsel. Judge Johnson entered the written order denying the petition and motion.

[2]Although this matter was docketed before the amendments to the Nevada Rules of Appellate Procedure that allow parties appearing without the assistance of counsel to file briefs and other documents without seeking leave of court, *see* NRAP 28(k) (effective October 1, 2015); NRAP 46A (effective October 1, 2015), we have considered the pro se brief received on October 20, 2015, and the pro se informal brief received on February 12, 2016.

consequences that the petitioner faces, the difficulty of the issues presented, the petitioner's ability to comprehend the proceedings, and the necessity of counsel to proceed with discovery. We review the district court's decision to deny the appointment of counsel for an abuse of discretion.

The threshold requirements for the appointment of postconviction counsel were met in this case. First, the district court necessarily found that Renteria-Novoa was indigent when it granted him permission to proceed in forma pauperis in the postconviction proceedings. Second, the petition was not subject to summary dismissal as it was Renteria-Novoa's first petition challenging the validity of his judgment of conviction and sentence. *See* NRS 34.745(1), (4).

In briefly considering some of the factors identified in NRS 34.750(1), the district court noted in its written order that Renteria-Novoa had not demonstrated that the issues were difficult, that he was unable to comprehend the proceedings, or that discovery was needed. We disagree.

The motion for appointment of postconviction counsel generally tracked the factors set forth in NRS 34.750(1) without much explanation. With respect to Renteria-Novoa's ability to comprehend the proceedings in particular, the motion recited that he had "very limited knowledge of the law and process thereof." The petition made a similar representation, but it also indicated that Renteria-Novoa has limited English-language proficiency. The potential language barrier is further supported by the trial record, which shows that Renteria-Novoa had the assistance of a Spanish language interpreter throughout the trial proceedings. The use of an interpreter throughout trial indicates that Renteria-Novoa may be unable to comprehend the postconviction

proceedings due to a language barrier. While the district court specifically found that Renteria-Novoa did not demonstrate an inability to comprehend the proceedings, this finding, which was made after a hearing where Renteria-Novoa was not present and which appears to have been based solely on the petition, lacks support in the record, particularly as the petition was not well pleaded and Renteria-Novoa had previously needed an interpreter.

The other factors identified in NRS 34.750(1) also weigh in favor of the appointment of counsel in this case. The consequences that Renteria-Novoa faces are severe: he has been convicted of 36 felony offenses following a jury trial and is serving what arguably is the functional equivalent of a life-without-parole sentence as he must serve approximately 85 years before being eligible for release on parole. This petition is Renteria-Novoa's only opportunity to assert ineffective-assistance and other claims that could not have been raised at trial or on direct appeal. The pro se petition, although not well pleaded, raised several ineffective-assistance-of-counsel claims, including the failure to investigate, which may require discovery and investigation of facts outside the record.

We also are troubled by the possibility that the district court's decision as to the appointment of counsel was influenced by the assertion in the State's responsive pleading that, quoting *Peterson v. Warden*, 87 Nev. 134, 136, 483 P.2d 204, 205 (1971), Renteria-Novoa had to "show that the requested review is not frivolous before he may have an attorney appointed." The quoted language from *Peterson* referred to former NRS 177.345(2). That provision addressed the appointment of counsel to assist a petitioner on appeal from the district court's judgment on a petition for

postconviction relief. 1969 Nev. Stat., ch. 87, § 5, at 107. It provided for the appointment of appellate postconviction counsel only if the appellate court determined that the petitioner's appeal "is not frivolous." NRS 177.345(2) (1969). In contrast, the appointment of postconviction counsel to represent the petitioner in the district court proceedings was mandatory if the petitioner was indigent, with no regard for whether the allegations in the petition were frivolous. NRS 177.345(1) (1969). And, when the Legislature later made the appointment of postconviction counsel to represent the petitioner in the district court proceedings discretionary and added the factors that today appear in NRS 34.750(1), the Legislature did not include the "frivolous" language that previously had restricted the appointment of appellate postconviction counsel under NRS 177.345(2) (1969). See 1987 Nev. Stat., ch. 539, § 42, at 1230-31 (amending NRS 177.345(1)). For these reasons and because NRS 177.345 was repealed in its entirety effective January 1, 1993, 1991 Nev. Stat., ch. 44, § 31, at 92, the language in Peterson has no bearing on a district court's decision to appoint postconviction counsel to represent a petitioner under current Nevada law set forth in NRS 34.750(1).

We take this opportunity to stress that the decision whether to appoint counsel under NRS 34.750(1) is not necessarily dependent upon whether a pro se petitioner has raised claims that clearly have merit or would warrant an evidentiary hearing. In some cases, such as this one where a language barrier may have interfered with the petitioner's ability to comprehend the proceedings, the petitioner may be unable to sufficiently present viable claims in his or her petition without the assistance of counsel. See generally Woodward v. State, 992 So. 2d 391, 392 (Fla. Dist. Ct. App. 2008) (noting that the decision to appoint counsel

Supreme Court
OF
NevaoA

(O) 1947A

5

"turns upon whether, under the circumstances of a particular case, the assistance of counsel is essential to accomplish a fair and thorough presentation of a defendant's claim(s) for collateral relief" (internal quotation marks omitted)); *cf. Martinez v. Ryan*, 566 U.S. 1, 11-12 (2012) (recognizing inherent difficulties for prisoners in presenting claims of trial error without the assistance of counsel). In such cases, the district court's failure to appoint postconviction counsel may deprive the petitioner of a meaningful opportunity to present his or her claims to the district court.

In light of the severity of the consequences that Renteria-Novoa faces, the potential need for discovery, and Renteria-Novoa's questionable proficiency with the English language, we conclude that the district court abused its discretion in declining to appoint postconviction counsel to represent Renteria-Novoa. Accordingly, we reverse the district court's order denying Renteria-Novoa's petition and remand this matter for the appointment of counsel to assist Renteria-Novoa in the postconviction proceedings.[3]

_____, J.
Pickering

_____, J.          _____, J.
Hardesty                              Parraguirre

---

[3]We express no opinion as to the merits of Renteria-Novoa's postconviction petition. Given our disposition of this matter, we deny the motion for appointment of appellate counsel submitted to this court on December 16, 2015.

SUPREME COURT
OF
NEVADA

(O) 1947A