IN THE SUPREME COURT OF THE STATE OF NEVADA

DOMONIC RONALDO MALONE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 73000

FILED

FEB 15 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order denying appellant Domonic Ronaldo Malone's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michael Villani, Judge. Malone argues that he received ineffective assistance of trial and appellate counsel and that the district court erred in denying his petition without an evidentiary hearing and without appointing counsel. We disagree and affirm.[1]

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see also Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114

---

[1]Having considered the pro se brief filed by Malone, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

18-06321

(1996) (applying *Strickland* to claims of ineffective assistance of appellate counsel). The petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004), and both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697. For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Id.* at 690. The petitioner is entitled to an evidentiary hearing when the claims asserted are supported by specific factual allegations not belied or repelled by the record that, if true, would entitle the petitioner to relief. *See Nika v. State*, 124 Nev. 1272, 1300-01, 198 P.3d 839, 858 (2008).

Malone first argues that trial counsel should have challenged the prosecutor's comments that a dumped-out purse was evidence of a struggle because the comments mischaracterized the evidence. The record shows that the State did not mischaracterize the evidence, as Ms. Estores testified that—when she returned to the apartment to find that the victims had been kidnapped and before the police searched the scene—she found property in disarray, including the contents of the victims' purses emptied onto the bed. The woman who walked the police through the apartment and emptied a different purse did so several days later, so that account therefore did not provide a basis to challenge the State's characterization of Estores's testimony. As the State did not commit misconduct, trial counsel was not ineffective in omitting a futile objection. *Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006); *see also Valdez v. State*, 124 Nev. 1172, 1188, 196 P.3d 465, 476-77 (2008) (discussing standard for prosecutorial misconduct); *Klein v. State*, 105 Nev. 880, 884, 784 P.2d 970, 973 (1989) (explaining that it is entirely proper for the prosecutor to argue the evidence

presented to the jury and reasonable inferences that may be drawn from the evidence). The district court therefore did not err in denying this claim without an evidentiary hearing.

Malone next argues that trial counsel should have challenged false testimony provided by Ms. Matthews. The record shows that trial counsel cross-examined Matthews extensively, impeaching her on a prior conviction for drug trafficking, her admitted lies to police in their initial interaction, inconsistencies between her various statements to police, and the credibility of her testifying to inculpatory facts that were not provided to police in her initial statement. Malone's claim that Matthews testified falsely, however, is a bare claim, as the mere fact that she testified to facts beyond her initial statement to police does not render her trial testimony perjury. As Malone's perjury allegation is bare and counsel thoroughly cross-examined Matthews, Malone has failed to show that counsel was deficient or that he was accordingly prejudiced. The district court therefore did not err in denying this claim without an evidentiary hearing.

Malone also claims that trial counsel should have (1) struck pro-prosecution jurors during voir dire, (2) moved for a dismissal on the basis of insufficient evidence at the end of trial, (3) impeached Mr. Herb's testimony regarding a cut on Herb's hand, (4) challenged Ms. Phillips' testimony as perjury, (5) conducted PCR testing of the DNA evidence taken from the golf club, (6) requested a jury instruction on the defense theory of the case, (7) investigated Mr. Paulido's statements regarding a plot to frame Malone, (8) investigated alibi witness Ms. Malone, (9) investigated the victim's cell phone records, (10) retained a historical cell site data reconstruction expert, (11) challenged the investigating detective's testimony regarding technical aspects of the cell site data, and (12) challenged that detective's testimony

as improper lay testimony, and that appellate counsel likewise should have (13) challenged the detective's testimony as improper lay-expert testimony. Malone further claims cumulative error regarding his trial and appellate counsel. We conclude that the district court's factual findings related to these claims are supported by substantial evidence and not clearly wrong and that Malone did not show that the district court erred in denying them without conducting an evidentiary hearing.

Additionally, Malone raises numerous claims of pretrial, district court, and prosecution error that could have been raised on direct appeal. These include claims that the district court abused its discretion by (1) denying Malone pretrial habeas relief, (2) denying his posttrial motion for a new trial, (3) reappointing counsel from the Special Public Defender's office to represent him, and (4) overruling defense objections to certain jury instructions, one of which Malone unsuccessfully contested on direct appeal; (5) that his initial arrest was not supported by probable cause; (6) that the testimony of Mr. Herb, Ms. Estores, and Ms. Phillips violated the Confrontation Clause; (7) that insufficient evidence supported his kidnapping convictions; (8) that Ms. Matthew's testimony was inadequately corroborated per NRS 175.291; and that the State (9) failed to properly investigate all witnesses or the relevant phone records, (10) failed to properly test the DNA evidence taken from the golf club, and (11) committed prosecutorial misconduct by eliciting false statements by Ms. Phillips and regarding Malone's interaction with the victims, the dumped-out purse, and use of Malone's phone. These claims were procedurally barred absent a showing of good cause and prejudice, NRS 34.810(1)(b)(2); NRS 34.810(3), which Malone has not made. The district court therefore did not err in denying these claims without an evidentiary hearing.

To the extent that Malone argues actual innocence, he does so as a standalone claim. Even if a freestanding claim of actual innocence exists, *see Berry v. State*, 131 Nev., Adv. Op. 96, 363 P.3d 1148, 1154 n.3 (2015), Malone has not shown that no reasonable juror would have convicted him in light of new evidence. *See id.* at 1154 (observing that a petitioner must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence" (internal quotation marks omitted)).

Malone next argues that the district court abused its discretion in denying his petition without appointing replacement counsel and a new investigator. Malone is not entitled to the appointment of counsel as a matter of right. *See* NRS 34.750(1); *Brown v. McDaniel*, 130 Nev. 565, 569-71, 331 P.3d 867, 870-71 (2014). Notwithstanding the severity of the consequences facing Malone due to his life sentence, the district court did not abuse its discretion in denying his petition without appointing new counsel because Malone has not shown that his case presented difficult issues or that counsel was needed to conduct discovery and his pro se filings demonstrate his comprehension of the proceedings. *See* NRS 34.750(1).

Malone next requests his entire case file. The record reflects that, pursuant to the district court's order, trial and appellate counsel provided Malone with a copy of the case file and that, after withdrawing, postconviction counsel provided Malone with all of the materials in her possession as well. Malone's bare assertion that he has not been provided transcripts of a March 8, 2017, hearing fails to establish the threshold showing of "'how the requested papers would serve any useful purpose and how he would be prejudiced without them'" and thus has not shown that an order seeking transcripts at State expense is warranted. *See George v.*

SUPREME COURT
OF
NEVADA

(O) 1947A

*State*, 122 Nev. 1, 4, 127 P.3d 1055, 1056 (2006) (quoting *Peterson v. Warden*, 87 Nev. 134, 136, 483 P.2d 204, 205 (1971)). Malone must seek copies of any transcript, as well as any desired video footage of the trial and penalty phases, by establishing the threshold showing through a motion properly filed in the district court. Therefore, the request is denied.

Malone next requests that this court order the recusal of Judge Villani so that he may be called as a witness in future federal habeas proceedings. This claim fails to state a basis for recusal because such a speculative future possibility does not call Judge Villani's impartiality into doubt. *See Ybarra v. State*, 127 Nev. 47, 51, 247 P.3d 269, 272 (2011). The request is denied.

Having considered Malone's contentions and concluded that relief is not warranted, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc:   Hon. Michael P. Villani, District Judge
Domonic Ronaldo Malone
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk