# IN THE SUPREME COURT OF THE STATE OF NEVADA

MARKIECE PALMER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 70970

FILED

MAR 15 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order denying appellant Markiece Palmer's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; William D. Kephart, Judge. Palmer argues that he received ineffective assistance of trial and appellate counsel. We disagree and affirm.[1]

As a threshold matter, Palmer argues that the district court should not have considered this matter as a postconviction habeas petition. While his direct appeal was pending with this court, *see Palmer v. State*, Docket No. 67565 (Order of Affirmance, January 25, 2018), Palmer filed a pro se postconviction motion to suppress evidence, arguing that trial counsel provided ineffective assistance. During the evidentiary hearing conducted by the district court, Palmer expressly consented to treating the motion as a postconviction petition for a writ of habeas corpus, which is the exclusive means by which a person convicted of a crime may collaterally challenge the validity of his conviction or sentence. NRS 34.724(2)(b); *see also Dias v. State*, 95 Nev. 710, 714, 601 P.2d 706, 709 (1979) (holding that

---

[1]We conclude that a response to the pro se brief is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

18-10318

defense tactics not to move to strike hearsay or request a cautionary instruction waived subsequent hearsay claim). The district court did not err in adjudicating the motion as a postconviction habeas petition.

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see also Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996) (applying *Strickland* to claims of ineffective assistance of appellate counsel). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Strickland*, 466 U.S. at 690. We defer to the district court's factual findings that are supported by substantial evidence and not clearly wrong but review its application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Palmer argues that counsel committed misconduct by demanding additional fees to file the opening brief on appeal and requesting State funds to hire a defense investigator, notwithstanding counsel's being retained by Palmer's family. While Palmer's allegations that counsel committed misconduct regarding the attorney fees may warrant a State Bar complaint, such allegations do not per se establish counsel's ineffectiveness,

Supreme Court
of
Nevada

(O) 1947A

2

*see Nix v. Whiteside*, 475 U.S. 157, 165 (1986) (holding that a breach of professional conduct standards does not necessarily constitute ineffective assistance), and Palmer has failed to show that these issues affected counsel's performance or that he was accordingly prejudiced. In particular, the record in Palmer's direct appeal shows that the opening brief was filed even though counsel testified that he was not paid for the brief. Counsel's request for funds to hire an investigator at State expense was to obtain a trial resource that Palmer's family could not otherwise afford and therefore was not objectively unreasonable. *See Widdis v. Second Judicial Dist. Court*, 114 Nev. 1224, 1229, 968 P.2d 1165, 1168 (1998) (holding that indigent defendant is entitled to defense services at State expense, notwithstanding having retained private counsel). And the record shows that Palmer was not prejudiced by hiring an investigator, who testified at the evidentiary hearing as to the useful impeachment evidence uncovered. Palmer has also failed to show prejudice in his vague claim that counsel failed to advocate vigorously enough in light of the attorney fees paid. The district court therefore did not err in denying this claim.

Palmer next argues that counsel should have moved to suppress his police statement pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966), because the investigating officers did not inform him of and receive a waiver of his rights. The district court found that Palmer was given *Miranda* warnings and waived those rights, and this finding is supported by substantial evidence where the investigating officer testified that he informed Palmer of his rights and that Palmer assented that he understood them and was willing to speak with the officer. As Palmer voluntarily, knowingly, and intelligently waived his *Miranda* rights, a suppression claim would have been futile, *see Mendoza v. State*, 122 Nev. 267, 276, 130

SUPREME COURT
OF
NEVADA

(O) 1947A

3

P.3d 176, 181-82 (2006) (discussing waiver inquiry), and counsel is not ineffective in omitting futile claims, *see Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006). As Palmer's *Miranda* argument fails, his dependent argument that counsel should have moved to suppress evidence seized as a result of his confession likewise fails, as that challenge too would have been futile. The district court therefore did not err in denying this claim.

Palmer next argues that counsel and his investigator should have investigated witnesses. Substantial evidence supports the district court's finding that counsel and the defense investigator investigated witnesses, as they testified at the evidentiary hearing about potential witnesses that they investigated and impeachment evidence that they developed against State witnesses. Further, Palmer has failed to demonstrate what evidence further investigation would have uncovered and thus has not shown prejudice. *See Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004). As to Palmer's allegation that an eyewitness was not developed, counsel investigated and determined that this individual was not present when the victim suffered his injuries and accordingly could not testify in support of the defense theory of the case. The district court therefore did not err in denying this claim.

Palmer next argues that counsel should have communicated more extensively with him before trial. The district court found that counsel and his investigator credibly testified that they met with Palmer and discussed the defense strategy with him. Substantial evidence supports this finding, which we will not disturb on appeal. *See also Morris v. Slappy*, 461 U.S. 1, 13-14 (1983) (holding that defendant is not entitled to a "meaningful relationship" with counsel). To the extent that Palmer argues

that counsel should have discussed his direct appeal with him, he has not shown prejudice because Palmer moved to withdraw counsel during the pendency of the appeal, had counsel's brief stricken, and had substitute counsel file a new opening brief. And Palmer's allegation that counsel committed perjury is a bare claim unsupported by specific factual allegations. The district court therefore did not err in denying this claim.

Palmer next argues that counsel should have provided him with his client file. Even if counsel failed to provide Palmer's file after counsel's withdrawal, Palmer has failed to demonstrate that the production of his file would have led to a reasonable probability of a different outcome. Further, Palmer should follow the procedures set forth in NRS 7.055(2) to obtain his file from his former counsel and the procedures set forth in *Peterson v. Warden*, 87 Nev. 134, 135-36, 483 P.2d 204, 204-05 (1971), *superseded by statute on other grounds as stated in Renteria-Novoa v. State*, 133 Nev., Adv. Op. 11, 391 P.3d 760 (2017), to obtain copies of transcripts. Insofar as Palmer requests this court's intervention in producing these documents in the first instance, the request is denied.

Palmer next raises several new claims on appeal. This court will not consider claims for relief that were not raised below or considered by the district court. *See Davis v. State*, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991), *overruled on other grounds by Means v. State*, 120 Nev. 1001, 103 P.3d 25 (2004). Therefore, we decline to consider arguments raised for the first time in Palmer's pro se brief, including that counsel should have (1) challenged or removed three prospective jurors who were empaneled, (2) cross-examined more than eight of the State's 23 witnesses, (3) moved to suppress evidence taken from the apartment, (4) moved to suppress the

victim's bloody underwear, and (5) declined to ask the codefendant about her use of marijuana.

Lastly, we deny Palmer's request for a writ of mandamus directing the district court to retain jurisdiction over the underlying petition so that he can supplement his filings there because of his own errors and poor preparation in litigating this matter. Palmer has failed to show that this court's extraordinary intervention is warranted, as he has not identified any legal authority entitling him to relief. *See* NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008); *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004); *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 679, 818 P.2d 849, 851, 853 (1991). Moreover, the record shows that Palmer consented to develop his claims as a habeas proceeding and voluntarily invoked this court's jurisdiction by filing his notice of appeal. *See Dias*, 95 Nev. at 714, 601 P.2d at 709. And insofar as he claims a right to appointed counsel, the district court properly denied his request where Palmer was not entitled to appointed counsel and did not request the appointment of counsel until after his habeas petition had been denied. *See* NRS 34.750(1); *Brown v. McDaniel*, 130 Nev. 565, 571, 331 P.3d 867, 871-72 (2014).

Having concluded that no relief is warranted, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. William D. Kephart, District Judge
Markiece Palmer
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A