# IN THE SUPREME COURT OF THE STATE OF NEVADA

STATE OF NEVADA EMPLOYMENT SECURITY DIVISION; LYNDA PARVEN, IN HER CAPACITY AS ADMINISTRATOR OF THE EMPLOYMENT SECURITY DIVISION; AND J. THOMAS SUSICH, IN HIS CAPACITY AS CHAIRPERSON OF THE EMPLOYMENT SECURITY DIVISION BOARD OF REVIEW,
Appellants,
vs.
KELLY EPPINGER,
Respondent.

No. 83322

FILED

AUG 11 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL

This is an appeal from a district court order granting a petition for judicial review in an unemployment benefits matter. Eighth Judicial District Court, Clark County; Joseph Hardy, Jr., Judge.

Appellant State of Nevada Employment Security Division (ESD) denied respondent Kelly Eppinger's request for unemployment benefits, finding that Eppinger had left her job without good cause. *See* NRS 612.380.[1] An appeals referee upheld the decision to deny benefits, and the Board of Review affirmed the referee's decision. Eppinger then filed a petition for judicial review in the district court. The district court granted

---

[1]Because administrative agencies have the authority to interpret the statutes that they are charged with administering, we decline to adopt a definition of good cause for the ESD. *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 122 Nev. 132, 157, 127 P.3d 1088, 1106 (2006).

22-25226

the petition and reversed the Board of Review's decision, thereby awarding Eppinger unemployment benefits. ESD appeals.

"When reviewing an administrative unemployment compensation decision, this court, like the district court, examines the evidence in the administrative record to ascertain whether the Board acted arbitrarily or capriciously, thereby abusing its discretion." *Clark Cty. Sch. Dist. v. Bundley*, 122 Nev. 1440, 1444, 148 P.3d 750, 754 (2006). The Board is "an independent trier of fact," and its factual findings are conclusive when supported by substantial evidence. *Id.* (internal quotation marks omitted). Substantial evidence is "evidence that a reasonable mind could find adequately upholds a conclusion." *Id.* at 1445, 148 P.3d at 754.

Having considered the parties' arguments and the record on appeal, we conclude that substantial evidence supports the Board of Review's decision to deny Eppinger unemployment benefits. The Board of Review, in affirming the referee's decision, found—as Eppinger maintains before this court—that the "catalyst" to her decision to quit was her employer's reclassification of her employment status to an independent contractor. The Board of Review also affirmed the appeals referee's conclusion that it was not within logic or reason that Eppinger would continue working as an independent contractor for months after the catalyst of her departure. Finally, the Board of Review affirmed the referee's finding that Eppinger had never filed a formal complaint about her reclassification with anyone at Linden, nor with a state government agency prior to quitting.

While Eppinger offers an additional argument that she quit because of a higher paying job, the Board of Review and appeals referee could reasonably have concluded from the conflicting evidence that

(O) 1947A

Eppinger's ultimate cause for quitting was her reclassification and thus concluded she did not have good cause to voluntarily resign under NRS 612.380. The Board of Review and the appeals referee chose not to accept Eppinger's version of the conflicting evidence, and we "will not substitute [our] judgment as to the weight of the evidence for that of the administrative agency." *Langman v. Nev. Adm'rs, Inc.*, 114 Nev. 203, 210, 955 P.2d 188, 192 (1998); *see also Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966) ("[T]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.").

For the foregoing reasons, we conclude that the Board of Review's decision was not arbitrary or capricious and the factual findings are conclusive, as they are supported by substantial evidence. Accordingly, we conclude that the district court improperly granted Eppinger's petition for judicial review. Thus, we

ORDER the judgment of the district court REVERSED.

_____, J.
Hardesty

_____, J.
Herndon

STIGLICH, J., dissenting:

Based on the record before us, I agree with the district court's assessment that the Board of Review abused its discretion. The district court correctly noted that the Board's fact-based legal conclusions are entitled to deference. However, reviewing the facts Eppinger presented to

SUPREME COURT
OF
NEVADA

(O) 1947A

3

the appeals referee, which were adopted by the Board, the district court determined that the Board's decision was arbitrary and capricious. To support this conclusion, the district court explained that there was substantial evidence in the record to show Eppinger had good cause to voluntarily quit her job due to her employer reclassifying her employment status and because she secured a higher paying job.

During her unemployment appeals hearing, Eppinger testified that her employer changed her employment status from a full-time employee to an independent contractor. She explained that this unilateral change was the "catalyst" for seeking other employment. When Eppinger was finally able to meet with her supervisor weeks later, her employer was unable to match the increased rate offered by another employer. Eppinger explained that due to "integrity" she continued working to complete a project before fully transitioning employers.[2] Nevertheless, the appeals referee clung to Eppinger explaining that the "catalyst" for her seeking new employment was her employer reclassifying her employment status and declined to consider the compounding circumstances. For example, the appeals referee found, and the Board affirmed, that "it is not within logic or reason [that] [Eppinger] would continue working in an employment capacity and receive compensation for months, in a position she was not in agreement with, whether written or verbally expressed." To punish Eppinger for completing her duties while seeking and transitioning to new employment, instead of outright quitting, is absurd. In light of this record, it is unclear how the Board's determination could be anything other than

---

[2]Notably, the employer did not provide information concerning Eppinger's employment or reasons for separation.

 

arbitrary and capricious, and I therefore would affirm the district court's order, ultimately awarding Eppinger unemployment benefits.

Further, as both parties point out, other states outline a standard for assessing "good cause" in this context, which is not clearly defined in the relevant Nevada statutes and caselaw. While the Nevada Department of Employment, Training and Rehabilitation defines "good cause" in the Appeals Handbook it provides as a courtesy to claimants, that guidance is not binding. *See* State, Dep't of Emp't, Training & Rehabilitation Emp't Sec. Div., Appeals Handbook, Nevada Unemployment Compensation Program 1, 16 (Revised Nov. 2018). In the matter at hand, "good cause" was not defined in the appeals referee's findings of fact or reasons adopted by the Board. Therefore, to promote fairness and uniformity for these parties and those to follow, I would also take this opportunity to define what good cause entails.

Accordingly, I respectfully dissent.

_____, J.
Stiglich

cc:  Hon. Joseph Hardy, Jr., District Judge
Kristine M. Kuzemka, Settlement Judge
State of Nevada/DETR
Nevada Legal Services/Las Vegas
Eighth District Court Clerk